**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 21-461-VAC |
| v. | ) ) | |
| RAKUTEN, INC., and EBATES PERFORMANCE MARKETING, INC. DBA RAKUTEN REWARDS, | ) ) ) ) | |
| Defendants. | ) ) | |

**PROPOSED PROTECTIVE ORDER REGARDING**
**THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order") setting forth the conditions for treating, obtaining, and using documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information.

1.    **PURPOSE AND LIMITATIONS**

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this Action and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

(b)    The parties acknowledge that this Order does not confer blanket protections on all disclosures made during discovery.  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, then the

Producing Party must promptly notify all other parties that it is withdrawing or changing the designation.

2.   **DEFINITIONS**

(a)   "Action" means this litigation in the United States District Court for the District of Delaware:  *International Business Machines Corporation v. Rakuten, Inc. et al.*, Civil Action No. 21-461-LPS.

(b)   "Discovery Material" means all items or information produced or disclosed in connection with discovery in this Action, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things).

(c)   "Patents-in-suit" means the asserted patents in the Action:  U.S. Patent Nos. 7,072,849, 7,631,346, 6,785,676, 7,543,234, 7,076,443, 6,697,861, 7,962,960, and 8,072,968.

(d)   "Party" means any party to this Action, including all officers, directors, employees, and consultants of a party.

(e)   "Producing Party" means any Party or other third-party entity who discloses or produces any Discovery Material in this Action.

(f)   "Protected Material" means any Discovery Material that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.  Protected Material shall not include published advertising materials, materials that have been disseminated to the public, or information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this Action.

(g)     "Outside Counsel" means (i) outside attorneys who appear on the pleadings or docket for this Action as counsel for a Party and (ii) partners, associates, employees and staff of the law firms of such attorneys to whom, in the judgment of those attorneys, it is reasonably necessary to disclose information relating to this Action.

(h)     "Receiving Party" means either Plaintiff or collectively Defendants who receive Discovery Material from a Producing Party.

(i)     "Source Code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, interpreter, other translator, or other data processing module, as well as any programmer notes, annotations, and other comments of any type related thereto and accompanying the code.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a) and 6(d), unless explicitly noted otherwise.

4.     **SCOPE**

(a)     The protections conferred by this Order apply not only to Discovery Material governed by this Order as addressed herein, but also to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose; and nothing in this Order shall

preclude any Receiving Party from showing Discovery Material to an individual who prepared the Discovery Material.

(c)     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and/or trial and may testify concerning all Protected Material of which such person has prior knowledge as set forth below:

(i)     A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Material which has been produced by that Party;

(ii)     A former director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Material of the Producing Party that appears from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any Protected Material that pertains to the period or periods of his or her employment; and

(iii)     Non-parties may be examined or testify concerning any document containing Protected Material of a Producing Party that appears, on its face or from other documents or testimony, to have been previously received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative of such Producing Party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.

(d)    This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

(e)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by Order of the Court, or provided the material is filed under seal in accordance with the Delaware Local Rules.

## 5.    <u>DURATION</u>

Unless modified, superseded, or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this Action.  After the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect with respect to a Producing Party's Protected Material until that Producing Party agrees otherwise in writing or a court order otherwise directs.

## 6.    <u>PROSECUTION BAR</u>

(a)    Absent the written consent of the Producing Party, any person who receives technical information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be personally involved in prosecuting and/or amending patent applications, specifications, claims, and/or responses to office actions, directed to (1) storing, delivering, and presenting applications and targeted advertising in interactive services provided on a computer network, (2) user single-sign-on operations within a federated computer environment, (3) searching using contextual information, (4) stacking portlets in portal pages, (5) targeting users with relevant advertising by leveraging the characteristics of search results, (6) provision of applications over an extranet, (7)

provision of a risk indicator based on scanning a network for security vulnerabilities, and (8) providing multiple application sessions, including voice, video and/or data sessions over a network, before any foreign or domestic agency, including the United States Patent and Trademark Office. These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, and are not intended, *inter alia*, to preclude counsel from participating directly or indirectly in reexamination, *inter partes* review, covered business method review, or reissue proceedings on behalf of a Party, so long as that Party does not or cannot amend the patent claims.

(b)     These prohibitions shall begin when the affected individual first receives access to any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY– SOURCE CODE" material in this Action, and shall end two (2) years after the final resolution of this action, including all appeals.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

(a)     <u>Secure Storage</u>.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(b)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) that is previously produced, disclosed, or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; (e) pursuant to Order of the Court; or (f) as otherwise required by law.

(c)  <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose Protected Materials except as provided in this Order.

## 8.  **DESIGNATING PROTECTED MATERIAL**

(a)  <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:

> (i)  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

> (ii)  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(b)  <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 8(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  In the event that original documents or tangible things are produced for inspection, the original documents or tangible things shall be presumed to be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection. Images or photographs taken during an inspection shall be presumed to be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and any reproductions of such images or photographs shall be appropriately marked by the party making such reproductions.  Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" if necessary prior to

furnishing any copies or images to the Receiving Party.  Moreover, media containing documents may be designated by marking the media with the appropriate confidentiality designation.  If documents are printed from the media, they shall be immediately marked with the designation on the media.

(c)  <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event a designated deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except under the terms of the Court's Protective Order, or by other orders of the Court, or pursuant to written stipulation of the parties."

(d)  Any court reporter or videographer who reports, transcribes, or videotapes testimony in this Action shall not disclose any Protected Material, except pursuant to the terms of this Order.  To the extent that Protected Material is used in depositions, at hearings, or at trial, such information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to such information contained therein.

(e)     In the event that any Protected Material is used in any court proceeding in this Action, the confidentiality of such materials shall be protected as determined and directed by the Court.

(f)     All Protected Material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph 8(b), shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and re-designated, as appropriate, by the Producing Party by informing the Receiving Party of the designation in writing.

## 9.     <u>INTENTIONALLY BLANK</u>

## 10.     <u>DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

(a)     A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is (i) confidential or proprietary; (ii) a trade secret or (iii) commercially sensitive information, including but not limited to information obtained from a non-party pursuant to a current nondisclosure agreement, strategic plans, technical documents that would reveal trade secrets, settlement agreements or settlement communications, and confidential technical, sales and financial information, and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or competitive disadvantage to the Producing Party.

(b)     Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, as defined in Paragraph 2(g), and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this Action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts, and investigators;

(ii)     Any expert or consultant retained by the Receiving Party or its counsel of record to assist in this Action and who is not a current employee of the Receiving Party or a competitor of the Producing Party, provided that disclosure is reasonably necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 13(b) below;

(iii)    Court reporters, stenographers and videographers retained to record testimony or argument taken in this Action or any appeal therefrom;

(iv)    The Court, its technical advisor (if one is appointed), persons employed by the court, jury, mediators, and court personnel;

(v)     Graphics, translation, design, jury and/or trial consulting services including mock jurors retained by a Party;

(vi)    Data processing vendors, photocopy, document imaging and database services, and consultants retained by the Receiving Party or its Outside Counsel to set up, maintain, and/or operate computer systems or litigation databases or to convert data for inclusion in such databases;

(vii)   Any mediator who is assigned to hear these matters and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)  Any other person with the prior written consent of the Producing Party.

## 11.   DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"

(a)    Documents or other things that contain a party's confidential source code may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" if they comprise or include confidential source code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module) and any descriptions thereof.

(b)    Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 12 below, and may be disclosed, subject to Paragraph 12 below, solely to:

(i)    The Receiving Party's Outside Counsel, as defined in Paragraph 2(g), provided such counsel have also appeared on the docket for this Action for at least three (3) days, and employees of such counsel, assigned to and necessary to assist such counsel in the preparation and trial of this Action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts, and investigators;

(ii)    Up to four (4) experts or consultants retained by the Receiving Party or its counsel of record to assist in this Action and who is not a current employee of the Receiving Party or a competitor of the Producing Party, provided that disclosure is reasonably necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 13(b) below;

(iii)    Court reporters, stenographers and videographers retained to record testimony or argument taken in this Action or any appeal therefrom;

(iv)    Graphics and design services retained by a Party;

(v)    Data processing vendors, photocopy, document imaging and database services, and consultants retained by the Receiving Party or its Outside Counsel to set up, maintain and/or operate computer systems or litigation databases or to convert data for inclusion in such databases;

(vi)    The Court, its technical advisor (if one is appointed), persons employed by the court, jury, mediators, and court personnel;

(vii)    Any other person with the prior written consent of the Producing Party.

## 12.   DISCLOSURE AND REVIEW OF SOURCE CODE

(a)    Documents or other things designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be provided the following further protections.

(i)    Any source code that is produced and designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be made available for inspection in electronic format at the New York City, New York office of the Producing Party's Outside Counsel or another mutually agreeable location. This section shall not apply to any entity that is not a party to this Action at the time of inspection.

(ii)    The Producing Party shall provide a manifest of all source code modules available for review, which shall be updated as additional source code becomes available. This manifest, which will be supplied in both printed form and electronic form stored upon the Source Code Computer defined in paragraph 12(a)(vii) below, will list reasonably available identifying information for the source code modules, such as (to the extent practicable) the name, location, and MD5 checksum of every source and executable file.

The printed manifest will remain in the same room as the Source Code Computer at all times.

(iii)     For purposes of this Protective Order, the term "Inspection Session" shall mean a contiguous series of days, not to exceed five days, in which the Receiving Party is conducting an inspection of the source code.  The Receiving Party shall provide five (5) business days' notice prior to commencing its initial inspection, and said notice shall identify all persons who will review the Producing Party's source code on behalf of the Receiving Party, including members of a Receiving Party's Outside Counsel, during this inspection.  Following its initial inspection, the Receiving Party shall identify all persons who will review the Producing Party's source code on behalf of the Receiving Party, including members of a Receiving Party's Outside Counsel, to the Producing Party at least three (3) days in advance of any subsequent inspection.  The Receiving Party shall conduct any inspections during regular business hours (9:30 a.m. to 5:00 p.m. local time).  However, to the extent access is necessary outside of normal business hours, the parties agree to cooperate in good faith and make reasonable efforts to accommodate reasonable requests for access outside of normal business hours.

(iv)     The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the source code but may not copy entire lines or commands of the source code into the notes.  The Receiving Party may not bring outside electronic devices, including but not limited to cellular devices, personal digital assistants (PDAs), tablets, laptops, USB flash drives, zip drives, portable printers, devices with camera functionalities, or the like into the Source Code Review Room.  No copies or images of all or any portion of the source code may leave the room in which the source code is inspected except as

13

otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each Inspection Session.  Any such notes, copies, or printouts may only be created or retained by the Receiving Party in accordance with the provisions of this order, and all notes, copies, or printouts reflecting information that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE must be marked with the appropriate designation.  Nothing in the foregoing shall be interpreted to require the Receiving Party to disclose the substance of any notes taken during an Inspection Session.  However, nothing in the foregoing shall relieve the Receiving Party of its obligations to promptly identify for printing portions of source code.

(v)     At the depositions of the Producing Party's witnesses designated pursuant to Federal Rule of Civil Procedure 30(b)(6) and at the Receiving Party's request, the Producing Party will make available all source code modules reasonably requested by the Receiving Party, in computer-searchable electronic format, previously produced by the Producing Party, provided that the Receiving Party requests a copy of the source code modules be made available at the deposition at least seven (7) business days before the scheduled date of the deposition if the Producing Party has designated the relevant witness by that time.  The parties agree to negotiate in good faith the manner and logistics of making such source code available.  The parties further agree to negotiate in good faith the extent

to which similar access to source code modules is necessary and appropriate during any Rule 30(b)(1) deposition(s) of Producing Party's other witnesses.

(vi)     Intentionally blank.

(vii)     Source code will be made available by the Producing Party to the Receiving Party's Outside Counsel (pursuant to Paragraph 11(b)(i)) and/or experts (pursuant to Paragraph 11(b)(ii)) in a private room at a secure office or agreed upon secure location ("Source Code Review Room") on a separate secured computer without Internet access or network access to other computers ("Source Code Computer"), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection.  The Source Code Computer will be accessible using a working keyboard, mouse, and two monitors.  The Producing Party shall install such tools or programs necessary to review and search the code produced on the platform produced. At a minimum, any source code must be produced to allow the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.  The Receiving Party's Outside Counsel and/or experts may request that other commercially available licensed software tools for viewing and searching source code be installed on the secured computer, on the condition that the Receiving Party must provide the Producing Party with the licensed installers/executables for such software tool(s) at least five business days in advance of the inspection.

(viii)     The Producing Party may not monitor or record via any electronic means the activities of the Receiving Party's representatives during any Source Code review.  The

Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room.  The Producing Party may also visually monitor the activities of the Receiving Party's representatives during any source code review but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(ix)   The Producing Party shall make available a laser printer with blank paper for on-site printing during inspection of the Source Code.  The Receiving Party shall promptly and in good faith print, or identify to Producing Party for printing, limited portions of the Source Code to timely prepare discovery responses, court filings or pleadings or other papers (including an expert report).  Source Code may be printed for only these limited purposes.  Printing source code for any other purpose, including for review in the first instance, is not permitted.  Absent prior consent by the Producing Party, which shall not be unreasonably withheld, or Court Order upon a showing of good cause, Receiving Party's Source Code printouts shall not exceed twenty-five (25) contiguous printed pages and no more than 750 total pages with respect to any one Producing Party's Source Code.  Should the Receiving Party request a printout of more than twenty-five (25) contiguous pages of Source Code Material, the parties shall meet and confer as to whether the request is reasonable. The total number of printed pages attributed to Receiving Party shall include only those requested by the Receiving Party, and shall not include additional pages, if any, provided by a Producing Party as part of a superset of the Receiving Party's requested printouts.  The total number of printed pages shall also not include printouts of any source code manifests. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party.  Within five (5) business days of the end of the Inspection Session,

the Producing Party shall either (i) send up to four (4) sets of such pages, or a superset of such code including such pages, to the Receiving Party, for next business day delivery or (ii) inform the Receiving Party that it objects that the printed portions are excessive, not timely, and/or not done for a permitted purpose.  Any such objection shall be resolved in the manner indicated in paragraph 12(a)(xi), below.

(x)     At the Producing Party's option, the Producing Party may designate one or more directories on the Source Code Computer, instead of providing the laser printer required by the preceding paragraph.  In such instance, the Source Code Computer will be equipped with software for printing or otherwise converting the source code files to electronic PDF format with line numbers and the complete file path on each page.  The Receiving Party may copy to the designated directories of the Source Code Computer, limited portions of the source code for the purposes described in the preceding paragraph.  The Producing Party shall Bates number and label each page of the PDF files on the USB flash drive "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE".  Within five (5) business days of the end of the Inspection Session, the Producing Party shall either (i) deliver up to four (4) sets of Bates numbered and confidentiality labeled printouts of the selected source code or a superset thereof to the Receiving Party; or (ii) inform the Receiving Party that it objects that the copied portions are excessive and/or not done for a permitted purpose.  Any such objection shall be resolved in the manner indicated in paragraph 12(a)(xi), below.

(xi)     The Producing Party shall have five (5) business days in which to object in writing as to the extent, relevance, or timeliness of the requested printout(s).  If no such objection is made, the Producing Party shall produce a copy of the printout(s) to the

Reviewing Party pursuant to the terms of Paragraphs 12(a)(ix)-(x).  If objection is made, the parties shall meet and confer within five (5) business days in a good faith attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have ten (10) business days after the expiration of the meet and confer period in which to file a motion for relief from production of the printout(s) that are the subject of the objection. The printout(s) shall be retained by the Producing Party and not produced, pending the Court's resolution of the motion.

(xii)     The Receiving Party's Outside Counsel and any person allowed to receive a copy of any source code under this Order shall maintain and store any paper or electronic copies of the source code at the offices of the Receiving Party's Outside Counsel or retained expert authorized under this Order in a manner that prevents unauthorized access to the source code.

(xiii)     The Receiving Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts or work product generated in the course of preparing these documents ("Source Code Documents").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

(xiv)     To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" or (2) those pages containing quoted source code will be separately bound, stamped, and treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." Any "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" filed with the Court shall be filed under seal.  No Source Code Document shall be publicly filed.

(xv)     The Receiving Party's Outside Counsel may make no copies of any portions of the printed source code, not including copies attached to court filings.  All paper or electronic copies of the source code shall be securely destroyed if they are no longer in use (*e.g.*, unmarked and/or spare copies at the conclusion of a deposition).  A representative for the Receiving Party shall certify by declaration that such copies have been destroyed within sixty (60) days of the final disposition of this Action.  Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xvi)     The Receiving Party may create an electronic copy or image of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers and source code page and line numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized under Paragraphs 11(a)-(b) to see source code under the provisions of this Protective Order.  All electronic copies must be labeled "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE."

(xvii)    If the court determines that additional source code is missing and must be produced, the Producing Party shall, to the extent practicable and to the extent necessary to demonstrate that such an issue has been resolved, provide build scripts, compilers, assemblers, and/or other utilities as reasonably necessary to rebuild the application from source code, along with instructions for their use.

(b)    Any Source Code that governs any accused functionality of any accused product, whether or not designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," if not produced on a stand-alone machine pursuant to Paragraph 12(a), shall, to the extent practicable, be produced in native form with original file names and directory structure (*i.e.*, relative location in folders and subfolders) to allow counsel and experts to use software utilities to view, search, and analyze the Source Code pursuant to Paragraph 12(a).  In the event such Source Code cannot be practically be provided in such form, the parties agree to negotiate in good faith the manner and logistics of making such Source Code available.

## 13.    <u>EXPERTS AND CONSULTANTS</u>

(a)    Protected Material shall not be disclosed to an expert or consultant if that person is currently, or anticipates becoming, an officer, director or employee of either a Party, or a competitor of a Party.

(b)    Prior to disclosing any Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name of the expert or consultant; (ii) the present employer, business address, and title of the expert or consultant; (iii) an up-to-date curriculum vitae of the expert or consultant which shall contain (a) a list of companies with which the expert or consultant has consulted or been employed for the last five (5) years, the dates of such consultancy or employment,

and a brief description of the subject matter of such consultancy or employment, (b) a list of

publications for the past ten years, and (c) a list of all other cases in which, during the previous

five (5) years, the expert or consultant had testified at as an expert at trial or by deposition and a

brief description of the subject matter of the engagement for these cases; and (iv) a signed copy of

the "Agreement to Be Bound by Protective Order" (Exhibit A hereto), executed by the expert or

consultant.

(c)    Within seven (7) business days of receiving written notice that the Receiving Party

intends to disclose Protected Material to an outside expert or consultant, the Producing Party or

Parties may object in writing to the proposed disclosure for good cause.  In the absence of an

objection at the end of the seven (7) business day period, the person shall be deemed approved

under this Protective Order.  There shall be no disclosure of Protected Material to any expert or

consultant prior to expiration of this seven (7) business day period.  If the Producing Party objects

to disclosure to the expert or consultant within such seven (7) business day period, the parties shall

meet and confer via telephone or in person within three business (3) days following the objection,

and shall attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not

resolved, the party objecting to the disclosure will have fourteen (14) days from the date of the

meet and confer to seek relief from the Court.  If relief is not sought from the Court within that

time, the objection shall be deemed withdrawn.  If relief is sought, Protected Material shall not be

disclosed to the proposed expert or consultant in question until the objection is resolved by the

Court.

(d)    For purposes of this section, "good cause" shall include, but not be limited to, an

objectively reasonable concern that the proposed outside expert or consultant will, advertently or

inadvertently, use or disclose Discovery Materials in any way that is inconsistent with the provisions contained in this Order.

14.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.   Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.   The designating party shall have the burden of justifying the appropriate designation;

(ii)   Failing agreement, the objecting party may bring the dispute to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.   The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)   Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of

the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

15.   **SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall, as soon as practicable, give written notice thereof to every party who has produced such Discovery Material and to its counsel, shall provide each such Party with at least 15 business days to move for a protective order regarding the production of Protected Material, and shall seek to ensure that, to the extent such materials are provided as necessary in accordance with the subpoena, such materials are subject to protections consistent with those set forth in this Order. The party to whom the subpoena or other request is directed may thereafter provide such Protected Materials as necessary in accordance with the subpoena.

16.   **FILING PROTECTED MATERIAL**

All documents containing Protected Material shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware and any other applicable court orders or rules.

17.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL BY PRODUCING PARTY**

(a)   A Producing Party's inadvertent disclosure of Discovery Material subject to the attorney-client privilege, or work-product immunity, or any other applicable privilege or immunity from discovery, will not waive the applicable privilege, immunity, and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged, immune, and/or protected, each Receiving Party shall immediately return all copies of such inadvertently produced Discovery Material to the Producing Party and shall immediately destroy the content of any such inadvertently produced Discovery Material in any Receiving Party work product. Within ten business days of the notification that such inadvertently produced Discovery Material has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the inadvertently produced Discovery Material.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material. The Receiving Party shall not use such information for any other purpose until further Order of the Court.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, but the challenge shall not assert as a ground for production the fact or circumstances of the inadvertent production or the contents of the materials that was gained due to the inadvertent production.

18.     __INADVERTENT FAILURE TO DESIGNATE BY PRODUCING PARTY__

(a)     A Producing Party's inadvertent failure to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order promptly after the Producing Party learns of its inadvertent failure to so designate.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.  To the extent that such information may already have been disclosed to persons not authorized to see the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," the Receiving Party shall promptly notify the Producing Party of such disclosure, and make every reasonable effort to retrieve the information promptly from such persons and to limit any further disclosure to unauthorized persons.

19.    **INADVERTENT DISCLOSURE BY RECEIVING PARTY**

(a)    In the event that a Receiving Party discloses any Protected Material subject to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Receiving Party responsible for making such disclosure, and each Party with knowledge thereof, shall notify counsel for the Producing Party whose Discovery Material has been disclosed immediately upon discovery of the inadvertent disclosure and shall provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

**20.**   **NON-PARTY USE OF THIS PROTECTIVE ORDER**

A non-party producing information or material, whether voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any Party to that Action. However, non-parties shall not have access to any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" produced by any Party in this Action, except as provided in paragraph 4(c).

**21.**   **FINAL DISPOSITION**

(a)   No later than sixty (60) days after the final disposition of this Action (including after any appeals), each Party to the Action shall return all Protected Material of a Producing Party to the respective Outside Counsel of the Producing Party or shall certify by declaration that all such Protected Materials have been destroyed at the Receiving Party's option.

(b)   All Parties that have received any such Protected Material shall certify by declaration that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return or destruction of Protected Material, Outside Counsel may retain for archival purposes and without redacting any Protected Materials the following:

(i)   pleadings and attorney/consultant work product filed with the Court or served on another party or

(ii)   pleadings and attorney/consultant work product that refers to Protected Material but does not contain any copies of Protected Material, unless such Protected Material was also filed or served pursuant to Paragraph 21(b)(i), above.

22.   **PRIVILEGE LOG**

The parties agree that no requirement for the logging of privileged communications or documents applies to any communications occurring on or documents created after the date of commencement of this Action, March 29, 2021.

23.   **MISCELLANEOUS**

(a)   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   Termination of Action and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned Action.  The Court shall retain jurisdiction after termination of this Action to hear and resolve any disputes arising out of this Protective Order.

(c)   Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to searching for, disclosing, or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any Discovery

Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding.

(e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)    <u>Other Proceedings</u>.  By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

**SO ORDERED**

SIGNED this ____ day of _____, 2022.


_____
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS<br>MACHINES CORPORATION, | )<br>) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 21-461-VAC |
| | ) | |
| v. | ) | |
| | ) | |
| RAKUTEN, INC., and EBATES<br>PERFORMANCE MARKETING, INC.<br>DBA RAKUTEN REWARDS, | )<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**
**EXHIBIT A**

I, _____, acknowledge and declare that I have received a

copy of the Protective Order ("Order") in *International Business Machines Corporation v. Rakuten,*

*Inc. et al.,* United States District Court, District of Delaware, Civil Action No. 21-461-LPS.

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order

and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms

of the Order.

Name of individual:


Present occupation/job description:


Name of Company or Firm:


Address:

Case 1:21-cv-00461-GBW   Document 87   Filed 03/28/22   Page 30 of 30 PageID #: 4593

Dated:

_____
[Signature]