

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone

August 17, 2023

**VIA ELECTRONIC FILING**
The Honorable Gregory B. Williams
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**PUBLIC VERSION**
**August 25, 2023**

Re:   *Int'l Business Machines Corp. v. Rakuten, Inc. et al.*, C.A. No. 21-461-GBW

### LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM BINDU A. PALAPURA

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Lindsey E. Miller
Jordan N. Malz
Michael Wueste
Eliyahu Balsam
William A. Vieth
Amy I. Wann
William N. Yau
Benjamin J. Rodd
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Michael Rhodes
Kyle Curry
DESMARAIS LLP
101 California St.
San Francisco, CA 94111
Tel: (415) 573-1874

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff International Business Machines Corporation*

Dated: August 17, 2023
10973345 / 00311.00030

Dear Judge Williams:

Plaintiff IBM provides this reply letter in support of its motion to strike. D.I. 393. Just last month, Rakuten argued that the Court should strike marking theories that IBM disclosed well before the close of fact discovery. D.I. 382, 387, 391. Now, Rakuten reverses course and argues that the Court should permit theories that Rakuten did not disclose until well after discovery. The same common-sense principle should apply to both motions: the Court should allow theories that were disclosed during discovery and strike theories that were not, such as Rakuten's new non-infringing alternatives and infringement theories that are at issue in this motion.

**A.   The Court Should Strike Dr. Almeroth's New Non-Infringing Alternatives.**

Rakuten cannot dispute that it failed to disclose several of its non-infringing alternatives during discovery. Instead, Rakuten argues that its new alternatives "concern features of Defendants' websites about which IBM has already taken extensive discovery." D.I. 399 at 1. That argument misses the point. Of course discovery concerned the accused features, just like in every patent litigation. The issue, however, is that IBM did not have notice that Rakuten would disclose new alternatives to those accused features or what those alternatives would entail. Nor were Rakuten's theories predictable. For example, one of Rakuten's alternatives is "implementing lazy loading," while another is "disabling lazy loading." D.I. 394, Ex. 1 ¶ 971-75. IBM could not have predicted that Rakuten would surprise IBM with two contradictory alternatives. Thus, IBM was deprived of the opportunity to obtain fact discovery about the cost of implementing those alternatives and how they would impact the user experience on Rakuten's accused website.

Rakuten suggests that IBM should have relied on deposition testimony to predict Rakuten new alternatives. But then Rakuten faults IBM for relying on 30(b)(6) deposition testimony stating that there were no alternatives. D.I. 394, Ex. 6 at 165:18-21. Rakuten cannot have it both ways. Whether the Court looks to Rakuten's interrogatory responses or Rakuten's deposition testimony, Rakuten never identified the third, fourth, fifth, and sixth alternatives from Dr. Almeroth's expert report. The Court should strike those new theories.

**B.   The Court Should Strike Dr. Almeroth's Opinions And Reliance On Documents Describing Unaccused Products.**

Rakuten does not dispute that Dr. Almeroth uses evidence describing IBM SmartCloud and IBM Connections to attempt to establish infringement by IBM Connections Cloud—even though Rakuten's Final Infringement Contentions do not identify IBM SmartCloud or IBM Connections as accused products. D.I. 399 at 2-4. Instead, Rakuten argues that: (1) all three products were the same; (2) its citation to two documents that mention IBM SmartCloud and IBM Connections in its contentions was sufficient to put IBM on notice of its infringement theories; and (3) it should be permitted to rely on evidence about unaccused products because it did not obtain third-party discovery. D.I. 399 at 2-5. Rakuten is wrong on all counts.

*First,* IBM Connections Cloud, IBM SmartCloud, and IBM Connections were not the same product. In fact, IBM SmartCloud was not a single product, but a portfolio of products that did not include IBM Connections Cloud. Tellingly, the two documents Rakuten identifies confirm that these were *different* products with *different* features. The first, and only document from Rakuten's contentions that mentions any product from the IBM SmartCloud portfolio, is a press release announcing the launch of IBM Connections Cloud, which highlights the "[n]ew capabilities" of IBM Connections Cloud, such as "[a]udio-video chat" and "instant messaging." Ex. 1 at 2. In fact, Dr. Almeroth accuses these "new" features—features that did not exist in IBM SmartCloud—of

infringement. *Compare id. with* D.I. 394, Ex. 2 ¶¶ 40, 43, 46, 48, 59, 148, and 173. The second document references IBM Connections, which is indisputably a completely different product. Ex. 2. IBM's 30(b)(6) witness explained this to Rakuten. Ex. 3 at 154:11-14, 30:10-16. To be clear, the Court does not have to resolve whether IBM SmartCloud and IBM Connections are different, unaccused products, or "merely" unaccused versions. The Court need only decide that IBM should have had notice that they were accused and should have had the opportunity to develop the factual record and to demonstrate differences between their particular functionalities.

**Second,** Rakuten's citation to two documents that mention IBM SmartCloud and IBM Connections was not sufficient to put IBM on notice that IBM would have to defend those products. Rakuten cited EBATES-00060078 and EBATES-0060183 for claim limitation 1[a] in a laundry list of other citations. D.I. 394, Ex. 7, Ex. C at 8-14.[1] Neither citation contradicted Rakuten's explicit identification of IBM Connections Cloud as the accused product in its contentions and neither citation identified IBM SmartCloud or IBM Connections as accused products. Moreover, Rakuten's position that IBM must guess its theories regarding unaccused products based upon string citations in its 151-page contention chart defies the law. Instead, Rakuten was required to identify each accused product and explain how the product meets *each* claim limitation, not just limitation 1[a]. *See TQ Delta, LLC v. ADTRAN, Inc.*, C.A. No. 14-954-RGA, 2019 WL 4346530, at *2 (D. Del. Sept. 12, 2019). This is true even if the products relate to the same product series, as Rakuten appears to mistakenly contend. *See ASUS Comp. Int'l v. Round Rock Rsch., LLC*, No. 12-CV-02099 JST, 2014 WL 1463609, at *2 (N.D. Cal. Apr. 11, 2014); *see also L & W, Inc. v. Shertech, Inc.*, 471 F.3d 1311, 1317-18 (Fed. Cir. 2006) (requiring patentee to support allegations that the accused products operated in a similar manner). Tellingly, Rakuten provides no explanation regarding *why* it failed to accuse these products in its contentions.

**Third**, Rakuten argues that the Court should permit its reliance on late disclosed evidence about unaccused products because Rakuten does not have sufficient evidence on IBM Connections Cloud (due to IBM's divestiture of the product and all related documents and source code to HCL before Rakuten accused IBM). This is Rakuten's own fault. Rakuten admits that the documents it seeks reside with HCL, not IBM. However, Rakuten failed to diligently pursue and compel such discovery, and failed to move to extend discovery once it realized it could not prove infringement with the IBM Connections Cloud evidence it had. The Court should not reward Rakuten for its lack of diligence by letting it back-fill fatal holes in its infringement theories using evidence about different, unaccused products.

Thus, IBM respectfully requests that the Court grant IBM's motion.

Respectfully,

*/s/ Bindu A. Palapura*

Bindu A. Palapura

BAP:nmt/10973345 / 00311.00030
Enclosures
cc: Counsel of record (via electronic mail)
PUBLIC VERSION  Dated: August 25, 2023

---

[1] Dr. Almeroth's Infringement Report cites these documents for multiple claim limitations and different, undisclosed theories. D.I. 394, Ex. 2 ¶¶ 146 (1[c]), 158 (7[a]), 167 (10[a]), 181 (10[d]).