

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
\*\*\*.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone

October 2, 2023
Public Version Dated: October 13, 2023

**VIA ELECTRONIC FILING**
The Honorable Gregory B. Williams
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**PUBLIC VERSION**

Re:  *Int'l Business Machines Corp. v. Rakuten, Inc. et al.*, C.A. No. 21-461-GBW

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS
FROM BINDU A. PALAPURA**

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Lindsey E. Miller
Jordan N. Malz
Michael Wueste
Michael R. Rhodes
Eliyahu Balsam
William A. Vieth
William N. Yau
Benjamin J. Rodd
Kyle Curry
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff International Business Machines Corporation*

Dated:  October 2, 2023
11089809

Public Version Dated: October 13, 2023

Dear Judge Williams:

Plaintiff IBM provides this letter in sur-reply to Defendants Rakuten's reply letter (D.I. 419) in support of their Motion to Strike ("Motion"). Rakuten failed to pursue readily available discovery and now mischaracterizes the parties' agreement, Mr. McBride's testimony, and Mr. Persechini's opinions in an attempt to unfairly limit Mr. Persechini's ability to respond to Rakuten's expert's opinions. Rakuten's arguments fail, and its Motion should be denied.

### I. The Parties' Agreement On The Licensing-Related 30(b)(6) Topics Did Not Preclude Nor Prevent Rakuten From Asking About Other Agreements.

As explained in IBM's Response Letter (D.I. 416, pp. 1-2), and clearly laid out in the parties' correspondence, during fact discovery the parties reached a straightforward agreement: With respect to 30(b)(6) Topics 17, 19, and 21-22 (the "Topics"), IBM would specifically prepare Mr. McBride on a narrowed set of agreements of Rakuten's choosing. Rakuten chose the "███████ HCL, and Priceline [agreements], as well as generally about the process followed for all negotiations."[1] (D.I. 416, Ex. 3, p. 3; D.I. 416, Ex. 5, pp. 1-2). Rakuten did not and does not quibble with McBride's preparation for the identified agreements. (*See* D.I. 419, p. 1). And at Mr. McBride's deposition, Rakuten then asked Mr. McBride about *other* license agreements, including the ███████████████████ agreements now at issue, and Mr. McBride provided answers.[2] IBM did not "renege on the parties' agreement," but rather (1) fully prepared Mr. McBride on the agreements Rakuten chose to identify, as well as "the process followed for all negotiations" and (2) did not prevent Mr. McBride from testifying about other, non-identified agreements. Rakuten thus had an opportunity—and took that opportunity—to ask Mr. McBride about agreements beyond those Rakuten identified.

### II. Rakuten Could Have Asked Mr. McBride About The Evidence Underlying Mr. Persechini's Opinions At Mr. McBride's Deposition, But Chose Not To.

Mr. McBride's testimony in this case[3] demonstrates that he had the knowledge relevant to Mr. Persechini's opinions at the time of Mr. McBride's deposition. For example, Mr. McBride did ***not*** testify that he was "not certain given his non-involvement in those negotiations," (D.I. 419, p. 2)—rather, Mr. McBride clearly answered ███████████ when asked ███████ ███████████ (D.I. 419, Ex. B at 149:18-21), and even further testified that he was ███ ███████████ and ███████████████████████ (D.I. 419, Ex. B at 147:18-20). Furthermore, Rakuten's assumption that Mr. McBride cannot have knowledge of negotiations he was not personally involved in is baseless.[4] (D.I. 419, p. 2). Moreover, Rakuten does not

---

[1] Rakuten's assertion that IBM acted to "sandbag" Rakuten and "shielded" information from discovery is divorced from reality. (D.I. 419, pp. 1-2). IBM had no idea which, if any, license agreements Rakuten would choose to rely on, and as such deferred completely to Rakuten—who was undisputedly best suited to know which license agreements would be relevant to Rakuten's damages theories—to identify the specific license agreements pursuant to the parties' agreement.
[2] *See, e.g.*, D.I. 416, Ex. 7 at 147:9-150:7 (███████████████), 150:24-151:20 (███████████████), 153:3-154:10 (███████████████).
[3] Rakuten's continued reliance on Mr. McBride's testimony from past depositions is misplaced. (*See* D.I. 419, pp. 2-3). Those depositions are irrelevant to the issue of Mr. McBride's preparedness or knowledge at his deposition in ***this*** case.
[4] Although Rakuten asserts that Mr. McBride "admittedly knew little to nothing" (Rakuten Resp. Ltr., p. 2), Rakuten cites no instance in this case where Mr. McBride was unable to answer Rakuten's questions regarding the license agreements at issue due to lack of knowledge.

identify a single question regarding the licenses at issue that Mr. McBride was *unable* to answer—nor can it.  Rakuten *did not ask* Mr. McBride questions about the portions of the licenses that it now seeks to strike from Mr. Persechini's report.  For example, Rakuten seeks to strike paragraphs from Mr. Persechini's report regarding the reasons why ████████████████████████ ██████████, *but did not ask* Mr. McBride why █████████████████████████████ ████████████████ at his deposition, even when directly addressing those licenses. (*See, e.g.,* D.I. 416, Ex. 7 at 150:24-151:20, 153:3-154:10).  Rakuten's allegation that Mr. McBride acquired "new" knowledge is therefore based not on any failure by Mr. McBride to answer questions in this case, but rather on Rakuten's own choice *not* to ask Mr. McBride about the issues it now unfairly seeks to preclude Mr. Persechini from opining on.

### III.  The Court Should Not Strike Mr. Persechini's Opinions.

The Court should not strike the identified paragraphs of Mr. Persechini's Rebuttal Report and Reply Report.[5]  Even assuming arguendo that there was a failure to disclose (*see* D.I. 416, p. 3 n. 6), the *Pennypack* factors continue to weigh against striking Mr. Persechini's opinions. **Factor 1** weighs against striking given Rakuten's lack of prejudice and surprise.  Rakuten does not dispute that it was on notice that Mr. McBride has "information regarding licensing . . . of the patents-in-suit" since IBM's Initial Disclosures, nor does Rakuten dispute that it had all the agreements at issue and simply chose not to question Mr. McBride about the issues it now seeks to strike.[6]  And Rakuten does not dispute Mr. McBride's preparedness, or testimony with respect to the Topics as agreed upon by the parties, further showing lack of prejudice. **Factor 2** weighs against striking as any alleged prejudice has been cured.  Rakuten does not dispute that Dr. Vigil has already provided his response to Mr. Persechini's opinions.[7]  **Factor 3** weighs against striking Mr. Persechini's opinions, which are unlikely to disrupt trial as they were timely provided well before his deposition date, the close of expert discovery, and the dispositive motion deadline. *See TQ Delta, LLC v. 2Wire, Inc.,* C.A. No. 13-1835-RGA, 2019 WL 1529952, at *2 (D. Del. Apr. 9, 2019). **Factor 4** weighs against striking because Rakuten still does not, and cannot, contend that IBM acted willfully or in bad faith. **Factor 5** weighs against striking Mr. Persechini's opinions, because they have a basis in evidence that has long been available to both parties. (*See* D.I. 416, p. 3).  Rakuten does not dispute that Mr. Persechini's *opinions* are necessary to respond to Dr. Vigil's opinions particularly where, as here, Rakuten had ample opportunity to get discovery from Mr. McBride.

For all the reasons above, IBM respectfully requests that the Court deny Rakuten's Motion.

---

[5] To the extent that Rakuten's Motion seeks to strike the entirety of paragraphs including opinions that do not rely on conversations with Mr. McBride, that is improper and beyond the scope of this dispute. (*See* D.I. 416, p. 3).

[6] Rakuten's reliance on *Niazi*—where exclusions were based on failures to disclose a witness and to produce requested documents—is inapposite, as Rakuten does not allege any such failures. *See Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.,* No. 17-CV-5096 (WMW/BRT), 2020 WL 1617879, at *2 (D. Minn. Apr. 2, 2020), *aff'd*, 30 F.4th 1339 (Fed. Cir. 2022).

[7] Rakuten asserts that Dr. Vigil "has no ability to substantively respond," but this is contradicted by Dr. Vigil's report, which provided numerous alleged reasons, based on deposition testimony and presumably Dr. Vigil's own experience, for why he disagrees with the opinions Mr. Persechini provides based in part on understandings confirmed with Mr. McBride. (*See* D.I. 419, Ex. G, pp. 2-3).

The Honorable Gregory B. Williams
October 2, 2023
Page 3

        Bindu A. Palapura

        */s/ Bindu A. Palapura*

        Bindu A. Palapura

BAP:nmt/11089809/00311.00030

cc:  Counsel of record (via electronic mail)