# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, ) ) ) | |
| Plaintiff, ) | C.A. No. 21-461-GBW |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| RAKUTEN, INC. and EBATES PERFORMANCE MARKETING, INC. dba RAKUTEN REWARDS, ) ) ) ) | |
| Defendants. ) | |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM BENJAMIN J. SCHLADWEILER, ESQ. REGARDING DEFENDANTS' MOTION TO COMPEL CERTAIN MATERIALS RELATING TO IBM'S ASSERTED '849 PATENT**

Of Counsel:

Joshua L. Raskin
Julie P. Bookbinder
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Phone: (212) 801-9200
raskinj@gtlaw.com
bookbinderj@gtlaw.com

Benjamin J. Schladweiler (#4601)
GREENBERG TRAURIG, LLP
222 Delaware Ave., Suite 1600
Wilmington, DE 19801
Phone: (302) 661-7000
schladweilerb@gtlaw.com

*Counsel for Defendants Rakuten, Inc. and Ebates Performance Marketing, Inc. dba Rakuten Rewards*

DATED: February 14, 2024

**GT GreenbergTraurig**

Dear Judge Williams:

      Pursuant to the Oral Order dated February 9, 2024 (D.I. 575), Defendants hereby move to compel IBM to produce in this case certain materials relating to IBM's asserted '849 patent that were produced to IBM by Zynga and third parties in the co-pending *IBM v. Zynga* litigation (*Int'l Bus. Machs. Corp. v. Zynga Inc.*, C.A. No. 22-590-GBW ("*Zynga*")). It is undisputed that IBM has now come into possession of additional documents and testimony that are relevant to the '849 patent (namely, materials relating to the Trintex / Prodigy prior art system that is the basis of Defendants' on-sale bar invalidity defense on which IBM moved for summary judgment) and that are responsive to Defendants' discovery requests in this case. By refusing to produce these materials, IBM has breached its duty to supplement its discovery responses under Rule 26(e)(1) and, therefore, it is respectfully requested that the Court compel their production.

### I. STATEMENT OF FACTS

      Since 2006, IBM has been asserting its so-called "Prodigy Patents," including U.S. Patent No. 7,072,849 ("the '849 patent"), in a series of litigations ("Related Litigations").[1] In the first case, filed against Amazon, IBM touted its development of a 1980s online service called Trintex (also called Prodigy), and alleged that Amazon infringed its "Prodigy Patents." (Ex. A at ¶¶ 2, 15, 23-24, 35-39). In subsequent cases, as well as in the instant action, companies targeted by IBM have contended that the '849 patent is invalid and/or unenforceable based on prior sale, prior public use, and or prior art publications describing the Trintex / Prodigy system. (Ex. B at ¶¶ 97-99, 103-109, 113-116; Ex. C at Counterclaim ¶¶ 15-29, 37-67; Ex. D at pp. 44-47[2]). As a result, the Trintex / Prodigy system has been the subject of discovery in numerous litigations involving IBM.

      Here, Defendants served Request No. 8, on March 30, 2022, seeking:

> All Prior Art to the Patents-in-Suit, including any Prior Art cited during prosecution or any reexamination, reissue, opposition or cancellation proceedings, or otherwise identified by you, a purported Inventor, any party involved in the Related Litigations, or any third party at any time.

(Ex. E at 13). On June 22, 2022, Defendants served initial invalidity contentions identifying the Trintex / Prodigy System and related articles as invalidating prior art to the '849 patent, and detailing invalidity theories based on Trintex / Prodigy, citing to documents produced by both IBM and Defendants. Defendants served final invalidity contentions including these theories on June 7, 2023, and also included the Trintex / Prodigy invalidity theories in their expert reports on invalidity served on July 13, 2023 and August 31, 2023. Indeed, IBM moved for summary judgment of no invalidity based on Trintex / Prodigy (D.I. 428), which Defendants have opposed. (D.I. 502).

---

[1] *Carvana, LLC v. Int'l Bus. Machs. Corp.*, 7-23-cv-08616 (S.D.N.Y.); *Chewy, Inc. v. Int'l Bus. Machs. Corp.*, 1-21-cv-01319 (S.D.N.Y.); *Int'l Bus. Machs. Corp. v. Zillow Group Inc et al.*, 2-20-cv-00851 (W.D. Wash.); *Int'l Bus. Machs. Corp. v. Airbnb, Inc.*, 1-20-cv-00351 (D. Del.); *Int'l Bus. Machs. Corp. v. Zillow Group, Inc. et al.*, 8-19-cv-01777 (C.D. Cal.); *Int'l Bus. Machs. Corp. v. Expedia, Inc. et al.*, 1-17-cv-01875 (D. Del.); *Int'l Bus. Machs. Corp. v. Groupon, Inc.*, 1-16-cv-00122 (D. Del.); *Int'l Bus. Machs. Corp. v. The Priceline Group, Inc. et al.*, 1-15-cv-00137 (D. Del.); *IBM v. Amazon*, 9-06-cv-00242 (E.D. Tex.).

[2] The publicly available redacted version of the *Chewy* summary judgment brief is filed herewith at Exhibit D. Defendants will submit an unredacted version under seal should the Court find it helpful.

On January 4, 2024, as the parties began pretrial preparations, Defendants asked IBM to supplement its production in this case pursuant to Fed. R. Civ. P. 26(e) by producing any documents, discovery responses, and deposition testimony relating to the '849 patent that had recently been produced in the *Zynga* case, including materials produced to IBM in response to third-party subpoenas served by the *Zynga* defendants in November-December 2023. *See Zynga* D.I. 185, 188, 195, 209, 218, 230, 242. Indeed, IBM itself served objections and responses to at least one of those third-party subpoenas. *See Zynga* D.I. 241. Eventually, IBM confirmed that, while it had received documents and deposition testimony relevant to the Trintex / Prodigy system from third parties and/or the *Zynga* defendants, it refused to produce them to Defendants here.

To date, IBM's only basis for withholding these relevant materials is IBM's contention that Defendants could have but did not (a) subpoena the same third parties, and/or (b) locate certain publicly available materials on their own. IBM has declined to provide any authority supporting its positions. There is no dispute that the withheld materials are relevant to Defendants' invalidity defenses and responsive to Defendants' discovery requests, and that the materials have not been provided to Defendants in this case.

## II. ARGUMENT

A party who has responded to a request for production "must supplement or correct its disclosure or response:

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A); *see Lab'y Skin Care, Inc. v. Limited Brands, Inc.*, 661 F. Supp. 2d 473, 476-477 (D. Del. 2009). The parties are required to supplement discovery responses under Rule 26(e) "at all times" during litigation. *EON Corp. IP Holdings, LLC v. Flo TV Inc.*, 2013 WL 5882005 at *4 (D. Del. July 18, 2013). This duty extends beyond the close of fact discovery. *Teva Pharms. USA, Inc. v. Amgen, Inc.*, 2010 WL 11558269 at *4 (E.D. Pa. Nov. 15, 2010) (granting motion to compel production of documents that did not exist before the close of fact discovery (citing *Pizza Pub. Co. v. Tricon Glob. Restaurants, Inc.*, 2000 WL 1457010 at *2 (S.D.N.Y. Sept. 29, 2000) (based on Rule 26(e), ordering party to produce documents "created or acquired since the conclusion of fact discovery that would make any of their prior responses in some material respect incomplete or inaccurate").).

There is no question that IBM's refusal to produce the materials from the *Zynga* litigation meets all four factors considered by courts "in determining whether a party has breached its duty to amend a discovery response under Rule 26(e)(1):

> (1) whether there was a prior response, (2) whether the response became materially incorrect or incomplete, (3) whether the party knew that the response was incomplete, and (4) whether the corrective information was otherwise made known to the other party through the discovery process or in writing."

*Lab'y Skin Care*, 661 F. Supp. at 476-477. Relevant to the first factor, as discussed above, IBM responded to Defendants' Request No. 8 seeking all prior art to the '849 patent, including any prior

The Honorable Gregory B. Williams
February 14, 2024
Page 3

art identified in related litigations or by third parties. As to the second and third factors, IBM has known that its response to this request became incomplete since the time that IBM received documents and testimony relating to Trintex / Prodigy in the *Zynga* case over the last few months. Based on IBM's representations, prior to receiving the Trintex / Prodigy materials in the *Zynga* case, IBM had diligently searched for and produced documents related to Trintex. It is Defendants' understanding that the materials currently withheld by IBM were not found during IBM's search for responsive documents during fact discovery in this case. Finally, as to the fourth factor, IBM has refused to make these materials known to Defendants.

IBM's novel basis for refusing to produce these materials—because they were provided by third parties or were publicly available—does not excuse its obligations under Rule 26(e). And, while burden is not a factor in the Rule 26(e) analysis, it bears mentioning that there would be little to no burden on IBM to produce the documents, which were provided in response to specific subpoenas, and readily identifiable deposition transcripts with exhibits. In other words, Defendants are not asking IBM to conduct additional searches for documents – only to produce discrete sets of materials that were already produced to IBM by others in the *Zynga* case. Further, it is highly likely that the materials relating to the Trintex / Prodigy system (and possibly prior use and sale thereof) produced in the *Zynga* case and now withheld by IBM in this case are highly material, considering IBM's motion for summary judgment of no invalidity based on the very same system.

Accordingly, Defendants respectfully request that the Court order IBM to produce materials produced by Zynga and third parties relating to the '849 patent in the *IBM v. Zynga* litigation.

Respectfully,

Benjamin J. Schladweiler (#4601)

cc: All Counsel of Record via CM/ECF